ROBERT BOZZA, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF PERTH AMBOY, RESPONDENT.

Decided March 18, 1929.

288

Before Justices TRENCHARD, KALISCH and LLOYD.

For the prosecutor, *Thomas Brown.*

For the respondent, *Harry S. Medinets.*

PER CURIAM.

There was a rule to show cause in the first instance, why a writ of *certiorari* should not be allowed for a review of an ordinance passed by the board of commissioners of the city of Perth Amboy, on the 19th day of September, 1928, which rule to show cause, by stipulation of the attorneys of the respective parties, and with the permission of the court, was to be heard and considered on its merits as if the writ of *certiorari* had been allowed.

The ordinance, the validity of which is challenged by the prosecutor, is entitled "An ordinance to prohibit the erection, construction or maintenance of any barber pole, or any apparatus for the furnishing of air or water and oil, or gasoline pumps, or other apparatus for the supplying of oil or gasoline or similar substance over, in, and upon the surface of the sidewalks, streets and highways of this city."

Section 2 provides for a penalty of $10 for the first violation, and $25 for each successive violation.

The facts, pertinent to the determination of the question raised on behalf of the prosecutor, are set forth in his affidavit, and which facts therein stated, are, in substance, that the prosecutor is the owner of premises Nos. 81-83 Broad street, in the city of Perth Amboy, which is a plot of land fifty feet front on Broad street, and having a depth of a hundred feet; that the said premises has a building erected upon it, used

as an automobile accessory store, and also a filling station in front of said store; that there is constructed in front of said premises, and on the sidewalk, three gasoline filling pumps, and also two air hose for the supply of air to automobile tires; that the gasoline tanks and air hose have been in front of said building for a period of six years, and were installed there upon the completion of said building; that the prosecutor had permits from the city of Perth Amboy allowing him to operate a gasoline filling station, &c.

The two grounds upon which the prosecutor relies for setting aside the ordinance, in question, are (1) that the ordinance deprives the prosecutor of the lawful use of his property, and the approaches thereto. (2) that the penalty provided is vague, uncertain, and unreasonable and beyond the limitations imposed by statute.

We think that neither of the propositions advanced under the facts of the case, is sound. We have not been referred to any law or decision which invests a municipality with the power to deprive the public of the free and safe use of the sidewalks of the municipality.

Article 22, section 1-A, of the Home Rule act (*Pamph. L.* 1917, *p.* 404), invests the board of commissioners with the power to pass ordinance that relate to the boundary of all streets, avenues, highways, alleys and public places in the municipality, and to prevent and remove all encroachments, obstructions and encumbrances in, over or upon any such street, avenue, highway, plane, alley and public place.

This court in *Silvester* v. *Mayor and Council of the Borough of Princeton,* 5 *N. J. Adv. R.* 1801, says: "An abutting owner is not entitled, as a matter of right, to permit to erect a gasoline pump and tank in a public street. Such a permit 'when granted' involves an encroachment upon the public street, and is in derogation of the common right of the public to use the street. If it be assumed that the power to grant such a permit has been conferred upon the municipal authorities, it clearly is a delegated power which should be exercised with care as to when and where such permits are granted. By its very nature it implies discretion in the granting authority, for certainly it cannot be that the grant of a permit to obstruct permanently a public highway is a purely ministerial function."

It seems, therefore, that even if the municipality had the discretionary power to grant a permit for the erection of a gasoline station, on the public sidewalk, it is invested with the power, under the statute, to cause the same to be removed, when in the judgment of the commissioners such stations obstruct the public highway, or cause the same to become unsafe to public travel.

As to the second point, urged for setting aside the ordinance, upon the ground that the penalty provided is vague, uncertain, unreasonable, and beyond the limitation of the statute, we find to be wholly without merit.

The writ is dismissed, with costs.